

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WILLIAMS, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1038890, | :: | 1:06-CV-0767-TWT |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| MEDICAL STAFF OF WHEELER | :: | PRISONER CIVIL RIGHTS |
| CORRECTIONAL FACILITY, | :: | 42 U.S.C. § 1983 |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at the Wheeler Correctional Facility in Alamo, Georgia, has submitted the instant <u>pro se</u> civil rights action. For the purpose of dismissal only, leave to proceed <u>in forma pauperis</u> is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Plaintiff sues the members of the medical staff at the Wheeler Correctional Facility, which is located in Wheeler County, Georgia. [Doc. 1.] Plaintiff claims that his medical profile requires that he be given a lower bunk for sleeping, but on February 27, 2006, he was assigned to an upper bunk instead. [Id. ¶ V.] Plaintiff alleges that on March 7, 2006, during a medical "call out," he discovered that documents had been removed from his medical file, thereby preventing him from proving his "bottom bunk profile." [Id.] Plaintiff acknowledges that as of March 20, 2006, when he signed and submitted the instant action, he was still waiting for a response to a letter he had sent to Inmate Affairs. [Id. ¶ II.]

Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972). In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction, as is the case here, may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events

giving rise to the claim occurred. Wheeler County, Georgia, is located within the jurisdiction of the United States District Court for the Southern District of Georgia, wherein all the events giving rise to Plaintiff's claims allegedly occurred. Furthermore, it does not appear that Plaintiff has sued any Defendant residing within this Court's jurisdiction. Accordingly, Plaintiff has failed to allege proper venue here, and the Court may either dismiss this action or transfer it, in the interest of justice. See 28 U.S.C. § 1406(a). As discussed below, the Court concludes that a transfer would not serve the interest of justice.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (internal quotations omitted). "A district court must dismiss [a prisoner] suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies." Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

3

The Georgia Department of Corrections has adopted a three-step grievance process for state prisoners: (1) a written informal grievance, (2) a formal grievance filed with the Warden of the facility, and (3) an appeal to the Office of the Commissioner. See Ga. Dep't of Corr. S.O.P. IIB05-0001 (2004). It is unlikely that Plaintiff exhausted this three-step process in the three weeks that passed between February 27, 2006, when he was denied a lower bunk, and March 20, 2006, when he submitted the instant complaint. Indeed, he has admitted as much.

In sum, this Court does not find that a transfer of this action would be in the interest of justice. Accordingly, the instant action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1406(a) and 1915A.

**IT IS SO ORDERED** this _28_ day of _april_, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)